UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WALTER L. ANDERSON, JR.,**

    **Plaintiff,**

v.                                         **Case No. 8:22-cv-1176-VMC-AAS**

**KILOLO KIJAKAZI,**
**Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

Walter L. Anderson, Jr. moves for attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. (Doc. 26). The Commissioner opposes Mr. Anderson's motion, but the Commissioner did not respond to Mr. Anderson's motion and the time to do so has expired. (Doc. 26, p. 21); *See* Local Rule 3.01(c), M.D. Fla.[1]

Mr. Anderson requests $16,310.16 in attorney's fees. (*Id*. at 1). The EAJA permits awards for reasonable attorney's fees and costs to a prevailing party against the United States. 28 U.S.C. § 2412. A January 10, 2023 order

---

[1] Because the Commissioner failed to timely respond to Mr. Anderson's motion, the court may treat the motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

1

remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 24). The Clerk entered judgment in Mr. Anderson's favor. (Doc. 25).

In failing to respond to Mr. Anderson's motion, the Commissioner does not contest the following: Mr. Anderson is the prevailing party; Mr. Anderson's net worth was less than $2 million when he filed his complaint; the Commissioner's position was not substantially justified; and Mr. Anderson's attorney's fees request are reasonable. (Doc. 26, pp. 1–2, 9–10). A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Thus, Mr. Anderson is entitled to $16,310.16 in attorney's fees.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following an order, the United States Department of the Treasury will determine whether Mr. Anderson owes a debt to the United States. Mr. Anderson assigned his rights to EAJA fees to his attorney. (Doc. 26, Ex. 1). So, if Mr. Anderson has no federal debt, the United States will accept his assignment of EAJA fees and pay the fees directly to counsel.

Accordingly, it is **RECOMMENDED** that Mr. Anderson's motion for attorney's fees under the EAJA (Doc. 26) be **GRANTED**. Mr. Anderson should be awarded **$16,310.16** in attorney's fees.

**ENTERED** in Tampa, Florida on March 1, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.